### John Herman v. The Commissioners of Highways.

1. HIGHWAYS—*What Facts Do Not Constitute a Dedication.*—Where a strip of land was never attempted to be dedicated to the public by the owners thereof, and the public had not acquired a road thereover by user, for the reason that one of the owners was a minor when the strip was fenced out, and when he became of age refused to recognize any right of the public therein, and the road authorities expressly refused to recognize it as a public road until 1891, there has been no dedication of the strip as a highway.

**Action for a Penalty.**—Appeal from the Circuit Court of Montgomery County; the Hon. TRUMAN E. AMES, Judge presiding.  Heard in this court at the November term, 1902.  Reversed, with a finding of facts.  Opinion filed April 30, 1903.

KNOTTS & TERRY and LANE & COOPER, attorneys for appellant.

ZINK, JETT & KINDER, attorneys for appellees.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

On August 21, 1899, the appellee, the Commissioners of Highways of the Township of Pitman, brought suit against the appellant, John Herman, before a justice of the peace of Montgomery county, to recover the penalty prescribed by the act of 1889 for his failure to trim a hedge fence claimed to be on the line of a public highway of the town. The case, after being tried before the justice of the peace, was taken to the Circuit Court, where it was tried by jury, and resulted in a verdict and judgment in favor of the appel-

lees for $20 and costs. The appellant moved for a new trial, which being denied, he excepted, and brings the case to this court by appeal, urging a reversal of the judgment on the ground, among others, that the verdict and judgment are against the law and the evidence.

The chief contention on the trial was that the hedge fence was not on the line of a public highway, and the evidence shows that the strip of ground claimed to be such public highway was a part of the farm owned by Andrew Herman at the time he died, intestate, in 1868, when it descended to his three minor children (of whom appellant was one), subject to the dower rights of their mother, who resided on the farm some time after the death of the father, and used and controlled it.

Some time in 1870, one Morrison, who owned a farm adjoining the Herman farm, bought from the mother a strip thereof about thirty or thirty-six feet wide immediately adjoining his farm, and agreed to pay her $50 therefor but never did. The mother, however, at the time said agreement was made, planted the hedge fence in question along the Herman farm thirty or thirty-six feet from the line dividing it from the Morrison farm, and thereafter persons would often pass over the strip thus fenced out, but the authorities in charge of the public roads in the vicinity refused to recognize the strip as a public road until in 1891, and in April, 1892, the commissioners built a culvert where a small watercourse crossed the strip, and at that time the appellant objected thereto, informing the commissioners that the land was his and was not a public road.

In 1891, the commissioners caused the strip to be surveyed and platted as a public road, and afterward did some little grading thereon, to all of which the appellant objected.

In 1890 the appellee purchased of his two brothers, their interest in his father's farm, and thereafter was the sole owner thereof.

We are satisfied that the strip of land in question never became a public road for the reason that it was never

attempted to be dedicated to the public by the owners thereof, nor did the public acquire a road thereover by user, for the reason that the appellant was a minor when his mother fenced the strip out, and when he became of age, he refused to recognize any right of the public therein, and the road authorities expressly refused to recognize it as a public road until 1891, since which a sufficient length of time has not elapsed for the public to acquire an easement therein by adverse user.

At the close of the evidence for the plaintiff, and again at the close of all the evidence, the appellant requested the court to direct the jury to find a verdict in his favor, which the court at both times refused to do, and at each time, he excepted.

As the evidence failed to show that the hedge fence was on the line of a public road, the verdict and judgment were against the law and the evidence, and the latter will be reversed with the following finding of facts, to be incorporated in the judgment of this court: "And the court finds that the hedge fence in question is not along the line of a public highway."